Mr. Hess, are you ready? Thank you, Your Honor. May it please the Court, my name is Todd Hess. I represent the appellants in this matter. I am joined by one of the appellants, Mr. David Glover, who acted pro se on behalf of the respondents in the arbitration at issue here today, Your Honor. I do reserve five minutes of my time for rebuttal. The appellants filed a petition to vacate an arbitration award that the District Court in South Carolina basically denied and instead granted an appellee's application for confirmation of the arbitration award. Today I would like to discuss two bases for why we felt like the granting of the petition would have been more appropriate. One is with respect to what we believe was the arbitrator's manifest disregard of the law. And the second is with respect to the arbitrator's failure to provide a reasoned award. With respect to the manifest disregard of the law issue, we felt it appears that the arbitrator failed to draw the essence of the arbitration award basically from the language of the contracts, governing primarily completion dates and ownership of a copyright that my client held in the plans that were at issue in this arbitration. On the completion date issue, counsel, did you make that a ground in your petition for vacature to the District Court? We did. Could you identify the place you did that by JA number? I'm not sure. Primarily the court itself actually referred to the completion date issue. So you didn't request that in your position as the court did it? Perhaps not directly before the court at the District Court level, but that is part of the decision that we felt like needed to be made here based upon the District Court's use of the completion dates as one of the spaces for the order. Why is it, can you explain on that issue why, as I understand manifest disregard, you must show that the law was clearly established, that the arbitrator knew of that law, knew it applied, and ignored it anyway, and that there's no way to reconcile any potential outcome with the award that was rendered? Our reasoning for that, Your Honor, is basically guided by the Supreme Court as well as the Fourth Circuit in its decision stating that the arbitrator must basically interpret the agreement and exceeds his powers, if you will, if the task of the arbitrator to make the proper interpretation and enforce the contract. He's not supposed to go beyond, if you will, the language of a contract when the language within that contract appears to be unambiguous. We feel like with respect to completion dates, Your Honor, that the contracts were quite clear. There were no completion dates in the contracts, actually, and there are two contracts at issue. That's why I used the plural form. But the arbitrator had felt that an equitable doctrine like promissory estoppel would justify the reliance of the homeowners, I guess, to the representations about completion dates. Seems like that was an issue that was part of their claims. Maybe assume you're right on the strict contract basis. I think the manifest disregard says there can't be any outcome that would get there. And why wouldn't that be an outcome that could lead to the result that the arbitrator made? I don't recall actually in the arbitration award as the basis for the decisions that the arbitrator made was based upon promissory estoppel. I think you're right. I don't think he explained that. I don't think manifest disregard standard requires that. Why is that not a viable route to this result that could have been the basis of it? Possibly, Your Honor. But we feel like this wasn't, with respect to the completion dates, that wasn't the only issue with respect to misinterpretation. The arbitrator in this case pretty much just gave the copyrighted plans away, basically, to the claimants. That was the other issue. And it's clearly stated within the contracts themselves in bold language right at the front that the appellants would maintain ownership of those designs. And you may be right, but kind of on the same standard. I mean, the arbitrators, I think, said that was, you know, relied on the testimony that, sure, they had them. And I think that, and showed them to the folks who came in and finished the job. But they said they didn't use them. And in that circumstance, the arbitrator, I think, said it was fair use. And so I think your obligation is to show there's, you know, that pretty tough standard that I mentioned about fair use. And how do you meet that standard given what was done? Well, and again, we do challenge the arbitrator's decision with respect to fair use. I know that is an issue within at least this argument of the case of whether fair use would even be applicable or not. I'm not sure that the arbitrator understood the law surrounding fair use. But you can't just say he's wrong. You've got to say there's no way binding precedent forecloses his, that he knew it, he knew it applied, and binding precedent forecloses that absolutely. And you don't seem to be making that type of argument. You seem to say we challenge it, which I appreciate. But it's, I think it's a harder bar than that. Right. With respect to the fair use argument, we do understand that the arbitrator did make a little bit more, that was the arbitrator's basis. I mean, even before, though, that determination, however, he resisted even looking at the copyright registration that was filed within this case, saying that it wasn't filed within the arbitration hearing itself. It was definitely on, in his record prior to the arbitration hearing. So he had all the information in front of him. We felt like he had the proper basis to make a decision with respect to copyright. But again, we believe that he went against the clear language within the contracts and he gave that, he gave those plans away to the claimants. And again, you know, we look at, again, the contract basically reflects that written change orders are required if you want to make a change to the contracts themselves. And there were no written change orders with respect to deadlines, anything like that. And we believe that those should have been required. I mean, the arbitrator admits within the arbitration award that the contracts themselves do not address deadlines. So it would have had to get there by a different way. But it certainly was not made clear to the respondents that it was based upon a promissory estoppel principle. With respect to the special design and custom build articles that exist, there was no, there was, cancellation was pretty much prohibited primarily within the contracts, primarily because designs were involved, ordering of equipment was involved, and that would have made cancellation very, I mean, the respondents would have had to pay a high price for that. I'd like to go ahead on, if I may, and discuss with you the second issue that we felt like exists here. That is with respect to the reasonable award decision. The AAA commercial arbitration rules in effect at the time basically provided two reasons for why a reasoned award was appropriate. In this case, the arbitrator appears to have made the decision that reasoned award would have been appropriate, which was allowed by the AAA rules at the time, and he made that clear within the preliminary hearing and scheduling order that was issued in the arbitration, that it should be a reasoned award. Why isn't this one reasoned? We feel like under the standards right now in the Fourth Circuit, most of the district courts rely upon the North Dakota-Illinois District Court decision. It's a decision that was made, I think it was back in 2005, and that decision itself is not clear on, we don't feel clear enough on what a reasoned award is. And that's why we look to what's happened in the Fifth Circuit, the Eleventh Circuit, the Second Circuit, and the Third Circuit. They've all adopted the same, the Eleventh Circuit clearly recognizes that the Federal Arbitration Act fails to clearly define what a reasoned award is, and I think that the Fifth, Eleventh, Second, and Third Circuits felt like there was a need to define that and provide that definition. And they had, in fact, done that. I mean, we look to the leeward construction decision that was provided by the Second Circuit. The leeward decision says that a reasoned award is something more than a line or two of unexplained conclusions, but something less than full findings of facts and conclusions of law on each issue raised before the panel. A reasoned award sets forth the basis reasoning of the arbitral panel on the central issue or issues raised before it, but it need not delve into every argument made by the parties. If that's the case, I appreciate that, and I think our law written real clear, maybe this is a case where we define it, but is that the standard you'd like us to adopt? That's certainly our recommendation, Your Honor. If it is, why would, you know, in this case, you've got four and a half pages of background and facts, then from page five through seven, you have the arbitrator explaining the basis of the award. So just using the standard you just said applied, it's more than a line or two of unexplained conclusions. In particular, what we're looking at is we're looking at the nine counterclaims that were raised by the appellant, Your Honor. If you look at the arbitrator's reasoning on the nine counterclaims, you'll see that for most of those counterclaims, with the exception of the copyright issue claim, where he did actually go into fair use, as we previously discussed, the remainder of counterclaims were just conclusory single line, if you will, single phrase statements stating that he did not find a basis to grant the counterclaim without any further reasoning at all. So we felt like at least with respect to the counterclaims at issue, that the arbitrator would not have met the standard if it was adopted by the Fourth Circuit with respect to reason to award. Secondly, while the District Court found that a failure to provide a reason to award was not enough basis, if you will, to grant vacature, the Second Circuit has also addressed that. And in fact, a South Carolina District Court found consistent with that, that a failing to provide a reason to award, if there was no other basis, if you will, for finding a barely, what they used as the language called barely tolerable justification for why an outcome was reached, if that basis is not in there, we don't see that in there at all within the arbitrator's award, then vacature would be appropriate. So we do then believe that the arbitrator's cursory single phrase conclusions for each of the counterclaims, again with the exception of the copyright infringement issue, that he failed to establish a basis for each of these counterclaims and it doesn't arise to the standard required, if you will, by the Four Circuits that we discussed. It provides the additional information needed to make a conclusory, something other than a conclusory statement on those counterclaims. Counsel, can I just make sure I'm understanding and reading the award the same way you are? It looks to me like your complaint seems to be primarily about the counterclaims and I'm sure not every counterclaim is addressed, but just in terms of the award itself, doesn't the counterclaim discussion begin at the top of page six? From what I recall, yes, your honor. And it goes through the second, about half of page seven? Yes, your honor. So, thank you. So we do then feel like vacature of the arbitration award is warranted in this matter. We feel like that this should be remanded to the district court with instructions to at least look at the arbitrator's award to make a determination on whether vacature is appropriate. We feel like it is, but we feel like that does need to be decided at the district court level. So we would ask that it be reversed and remanded for their looks, your honor. With that said, I think I'm almost out of time. I'll go ahead and defer to my rebuttal later. Thank you, Mr. Hedges. Oh, thank you. Thank you. Mr. Walden? Good morning. May it please the court. My name is Andrew Walden, and I'm here on behalf of the appellees. I'm honored and humbled to be before you today, and I'm here to ask that you affirm the district court and uphold the arbitration award. As this court knows, overturning or vacating an arbitration award has a very high standard. Your honors are limited to determining whether the arbitrator did his job. Not whether he did it well or correctly, but simply that he did it. As this court stated in Warfield v. Icahn Advisors, it would be a Herculean task to overturn an arbitration award. Because the arbitration award can only be vacated on very specific grounds, statutory and common law, this court has to make a few decisions. And I'll address what my opposing counsel stated as far as a reasoned award and then a manifest disregard. And I'll take them in reverse order. So this court needs to determine from a reasoned award standard if the arbitrator issued an award that was definite and final. And there are two standards that are being discussed in this case today. And I heard you loud and clear, Judge Quattlebaum, when you said that this court may take this case in order to define what a reasoned award is in the Fourth Circuit. And a reasoned award is not defined in the Fourth Circuit. However, we did have a standard that was before the arbitrator that heard this case. And that standard was that the arbitrator, when he deduced his award to writing, that he resolved all issues before him. And that he did so in a clear and unambiguous manner such that a court such as yourself can have a meaningful review. He clearly met that standard, the standard that he had in place whenever he was issuing his award. Also, I would agree with my opposing counsel that the AAA, American Arbitration Association, does not have a defined standard for what our definition for reasoned award. But it falls somewhere in between a standard award, which is a simple result, and full findings of facts and conclusions of law. Do you have a standard for reasoned award if we elect to address that in any opinion that we might write about this? Do you have or your client have a position for the standard we should adopt? Your Honor, I think we even said in our brief, we're fine if this court chooses to adopt the Second Circuit standard. We think even under that standard that this is a reasoned award by any means, any realm of the imagination. So the Second Circuit, and I'll speak about Leeward briefly, that's where this standard came from, said that a reasoned award must be more than one or two sentences of unexplained conclusions, but something less than full findings of facts and conclusions of law. Essentially, it falls right where the AAA already kind of outlined in between. They have you on the preliminary hearing circle which award you'd like. It falls somewhere in between those two spectrums. Sounds like criminal sentencing. Unfortunately, sir, I've never been a criminal lawyer, as I know that you guys have, so I wouldn't know that. However, I will say that unlike what my opposing counsel says, it doesn't stop right there. The Leeward case goes further and says that the arbitrator needs to discuss or needs to resolve the issues before it. He needs not delve, or he or her, needs not delve into every issue or argument raised. It's merely that the arbitrator needs to resolve the issue. So the Second Circuit standard, the way we read it, is consistent already with what the Fourth Circuit is using today. But to answer your question directly, we would have no problem if you were to adopt the Second Circuit standard through this case, Your Honor. Can I shift gears with you? Yes. And I may be getting you out of the argument you want to go in, or the order you want to go in. But the argument that your colleague made about a completion date, the arbitrator said termination was justified, and it cited to representations that the record that arbitrator said supported that promises had been made about this date, that date, and another date, I think. But the contract, I think it's fair to say, doesn't have a completion date. And the contract has an integration clause. So it seems like verbal promises are things that wouldn't be permissible under that, at least under the contract. So just, I raised some equitable issues and stuff like that, but just on the contract itself, is there any way in a breach of contract case that has no completion date and has an integration clause? You can rely on oral statements to create a completion date? As a matter of contract law? As a matter of contract law, Your Honor, I don't know if it's necessarily been briefed, but if there is no deadline in a contract, then a contract needs to be resolved within a reasonable amount of time. And so I think that's what, and this actually raises an interesting point because I believe So say that, the law, is this South Carolina law? Yes, Your Honor. So South Carolina law, and I'm from there so I should probably know, but trustee, the law of South Carolina is that if a contract doesn't have a completion date, it needs to be completed with a reasonable amount of time? Yes, Your Honor, I believe that is correct. Now, this also raises an interesting point, and I'll just go ahead and switch gears here because I believe that we've already established that there was a reason to ward. From the manifest disregard of the law standard, this court actually said in the MCI Construction LLC v. City of Greensboro case that to allow, I missed my place, but basically the court I was going to read said that from a manifest disregard of the law standard, that based on the heightened scrutiny, the decision essentially stops there because they have to prove that the law is well known and settled and that the arbitrator expressly disregarded the law. So whenever you look at it from the context of this arbitration award, in the arbitration award, he talks about the completion date, the lack of a completion date. And he said, then went on to say, but due to these additional promises and failures to meet these promises, that there was justified termination of these contracts. So he arguably is construing the contract, which is all we need to prove today for you guys to uphold this arbitration award. Also, I think that this, from your first question to opposing counsel, I don't think this has been reserved for review and appeal. I think manifest disregard of the law and whether one is meeting the essence of a contract are two different standards of review and two different issues for the court. So from a manifest disregard of the law standard, that he has to show that the arbitrator did not or either inserted his own terms for his notions of fair point and justice or whether he took the terms that were there and misconstrued them in some way. Here, he didn't do that. He didn't insert his own terms. Let me, you talked about the forfeiture issue, and I want to follow up on that. Assume they didn't raise this issue in their petition for vacature. And their response is, well, the district court in its order affirming the award addresses that point in an erroneous manner. You may agree with that. You may disagree. But as a matter of just how we handle forfeiture, if a district court addresses a forfeited issue in a way that a party thinks is erroneous, is that fair game on appeal? I would say that in the district court, if an appeal is coming from the district court and in passing, an issue was mentioned, then unless the appellant makes it a point in his appeal, then Well, he does in his appeal. And I think it's debatable whether the district court did. I think you could say he's just stating the standard and not doing something outside what the party's presented. But I'm just thinking hypothetically, I get forfeiture, but it's kind of odd that if the district court were to hypothetically issue an order on something that is erroneous that we just kind of look the other way just because before then it was not raised. Your Honor, the answer to your question for me is I don't know. However, the reason I don't know is because I don't think it matters here. Even if you guys, Your Honors, were to take up this issue, this arbitrator arguably construed the contract. And so this award has to be upheld. And that sort of switches back to the reason award issue, which is one of the points that my opposing counsel or that the appellant would like this court to determine is whether or not the counterclaims that were asserted were addressed in a reasoned manner. As Your Honor noted, there was two pages of text that discussed that. Part of those two pages of text were talking about the appellant's failure to provide any proof for the claims. And I don't know how you get much more reason than explaining that through the evidence submitted there was no proof offered. And that sort of is a good segue into this issue that's in the brief that wasn't discussed necessarily by the opposing counsel. But they make this issue in the brief about this registration statement. And how about how the arbitrator did not review the entire record in coming to his own. And that it is defined and specific to this copyright registration statement in their brief. Briefly to that point, it's sort of a moot issue, a red herring, because the arbitrator, he did indicate that the registration statement on the copyright issue was not put into evidence. But then he went on to say there was a semicolon. He said, however, it would not have made a difference in how he came down with his decision. Is that a procedural objection? I assume not to the extent it wasn't considered if it's a procedural objection by the petitioners. Your Honor, I believe the appellant is saying it's a manifest. Well, that actually, back to, I think I might have conflated the two issues there. I think they put that issue under a manifest disregard of the law. And they are saying that failure to consider the entire arbitration record. Every document generated during arbitration. If the arbitrator did not consider every document, then that's grounds for vacature under a manifest disregard of the law. We would obviously disagree with that. I guess my point is I thought the law for procedural errors alleged regarding arbitration was that there only can be overturned if they were in bad faith or so gross as to amount to affirmative misconduct. Your Honor, that is correct. I was just trying to address it in the context of how they appealed it. Your Honor, I've jumped around a lot. I've talked about reasoned award. I've talked about a manifest disregard of the law. I think, again, as previously stated, that the burden is extremely high. I actually tried this arbitration. I was there. I think he gave great deference to the appellant. I think there was three days of hearing. How long did it take? It was a three-day hearing, Your Honor. There was numerous exhibits presented. We presented numerous witnesses from the appellee side. The appellant presented only one witness himself for both expert and for fact witness. And he took up the last day, maybe day and a half of presentation. And he did a great job. At the end of his argument, he motioned to dismiss. At the end of my case in chief, he motioned to dismiss. He zealously represented himself and the other parties from the appellant standpoint. That's why I know the arbitrator got this right. There was full and adequate process, you're saying. Absolutely, Your Honor. And that's the third issue in their appeal is that they want this court to find that there wasn't a fair and adequate opportunity for the cases to be heard. And, Your Honors, I believe it's joint appendix page 121. The arbitrator, which is a part of the arbitration award, the arbitrator asked us all at the end of the hearing, did you guys, did each party have a fair and opportunity, adequate opportunity to be heard? And we all said so in the affirmative. I believe you're wasting your time for me to quote from the arbitration award, but that's in the award. He asked it. We all answered that we had our opportunity. And, you know, one observation that isn't in any of the briefing before I ask it, before I finish my argument, is I believe it's joint appendix 364 to 66 or 366 to 68. When it came time for the parties to present proposed orders, the appellants presented a three-page proposed order, one that anybody objectively would review or view as a standard award. It wasn't a reasoned award. It was three pages and it essentially had blanks to add in the amount of money. So I find it a little bit disingenuous that they're here saying that there wasn't a reasoned award whenever the proposed order they wanted the arbitrator to sign was only three pages, really one page after you get past the caption and the signature box. Subject to any questions you have, Your Honor, I sort of addressed the three issues in their appeal. I believe our briefs were well briefed and certainly they are primary of my arguments. Thank you, Counsel. I appreciate the opportunity to be here. Mr. Hess, you have some time reserved. Thank you, Your Honor. I'd like to use the remaining of my time to maybe address some of the issues that seem to be outstanding within here. I do know that opposing counsel here had talked about the arbitrator not inserting his own terms. We do feel like that the arbitration award, the Fourth Circuit has determined that an arbitration award fails to draw assessments from the agreement when an arbitrator disregards or modifies the unambiguous contract language. It doesn't go into promissory estoppel that I've seen, at least with any of the case law addressing this, that I could find. That case, Counsel, I think is the Advantage Veterans case. It's the Choice Hotels case from 2008. They further look at it actually in a case that is more likened to this case in Patent v. Signature Insurance Agency. If you look at that one, it clearly states that the arbitrator disregarded the plain and unambiguous language of the contract governing completion by implying that there was a one-year limitation period within that contract when the contract at all didn't say that. So we feel like that's more likened here. We were in a period when these contracts were being executed, obviously. It was the COVID period, and that's when things were difficult to acquire, services were difficult to obtain on it. So if there were verbal assurances that I'll get it done by this date, I can assure you it was mostly, it was a little bit more universal in terms of the forces that were acting upon. Did you make a force majeure argument for the arbitrator? We did not, Your Honor. But we do feel like that it was clear that there was not completion dates within the contract. We felt like that the arbitrator went ahead and felt like that he needed to add those, obviously, to be able to make his case. And his case, indeed, was based upon the failure. And he clearly made this statement. He said that failure to meet any of these deadlines is, in essence, good enough for him to go ahead and cancel the contract. Use that as a reasoning, even though there was a cancellation provision that prevented that within the contract itself. With respect to the district court's final order concerning the arbitrator's statements, we did refer to JA 509, actually. If you look at that, the district court's basis in their order and opinion for determining that the, in part of their decision, they basically said that the appellant's repeated failure to meet the many dates promised for completion justified termination of the contracts. He's using that same statement that the arbitrator made that we, quite frankly, disagree that the arbitrator basically had the ability to make that kind of statement, given the language within the contracts, Your Honor. With respect to the counterclaims, we feel like that those go beyond issues, yourself, that were being taken up by the arbitrator. We felt like the counterclaims, they were clearly claims, nine of them, in fact, that were made by the appellants. If you look at the page and a half of the arbitrator's award that does cover counterclaims, you'll see that the first paragraph, about half of that paragraph just goes to basically conclusory statements stating that the appellants have failed to basically show those. Most of the other language that's remaining goes to the copyright infringement issue. Again, we've highlighted that as one of the issues that if there was actually a reason to award, it was probably on the copyright infringement issue, although we disagree with it from a standpoint that the contracts itself state that the appellants continued to own those designs. But the arbitrator did rely upon the fair use argument, and that occupies quite a bit of that space with respect to counterclaims. So we feel like the counterclaims themselves go beyond issue, and they at least deserve something more than a conclusory statement stating that the appellants failed to meet them. With that said, it looks like I'm out of time. Do the judges have any other questions? Thank you. Thank you. Thank you both. We're going to proceed to brief counsel and then take a brief recess. The Honorable Court will take a brief recess.
judges: Roger L. Gregory, A. Marvin Quattlebaum Jr., Terrence W. Boyle